LAW OFFICES OF MIRIAM HISER
MIRIAM HISER (129824)
550 Montgomery Street, Suite 650
San Francisco, California  94111
Telephone:  (415) 345-9234
Facsimile:  (415) 395-9372
mhiser@hiserlaw.com

Attorneys for Plaintiff
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>GOSPEL INDUSTRIES, INC., a California Corporation,<br><br>                    Defendant. | Civil Case No.<br><br>**COMPLAINT FOR ADMINISTRATIVE WAGE GARNISHMENT**<br>**20 U.S.C. § 1095a** |

       Plaintiff EDUCATIONAL CREDIT MANAGEMENT CORPORATION

("ECMC") alleges:

### PARTIES

       1.    ECMC is a private, nonprofit Minnesota corporation and guaranty agency and,

pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b)(9), has the authority to pursue this

lawsuit.

       2.    Defendant is a corporation registered to do business in California, with its

principal place of business at 2807 55th Street, Oakland, Alameda County, California.

///

///

**JURISDICTION**

3.    This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R. § 682.410(b)(9)(i)(F).

**VENUE**

4.    Because the Defendant is a corporation residing in Alameda County California, venue for this action is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(c).

**FACTUAL ALLEGATIONS**

5.    Under Title IV, Part B, of the Higher Education Act of 1965 ("HEA"), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to finance eligible students' post-secondary education.  *See* 20 U.S.C. §§ 1071(a), 1085(d).  The federal government encourages the making of these loans by having the U.S. Secretary of Education pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults.  *See* 20 U.S.C. § 1078(a),(c).  This program is presently known as the Federal Family Education Loan Program ("FFELP").

6.    To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies, *See* 20 U.S.C. § 1085(j).  A guaranty agency guarantees payment of the loan made by an eligible lender and pays the holder of the loan if the student defaults.  The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency.  *See* 20 U.S.C. § 1078(c).  Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary.  *See* 20 U.S.C. § 1078(c)(2).  When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection.  *See* 20 U.S.C. § 1078(c)(2)(D).

7.    To assist the Secretary and the guaranty agencies in collecting defaulted student loans, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to fifteen percent (15%) of the

2

1    disposable income of these borrowers.  *See* 20 U.S.C. § 1095a.  This section explicitly

2    preempts state laws and sets forth procedures for providing students with due process,

3    including prior notice of the agency's intent to withhold, a hearing if requested, and the

4    issuance of a Withholding Order.  *See* 20 U.S.C. § 1095a(a), (b); 34 C.F.R. § 682.410(b)(9).

5    This section also provides that guaranty agencies may sue employers who do not deduct and

6    pay over as directed in the Withholding Order.  *See* 20 U.S.C. § 1095(a)(6); 34 C.F.R §

7    682.410(b)(9)(i)(F).

8         8.    ECMC is a guaranty agency under the FFELP.

9         9.    Paul Browne ("Borrower") owes a student loan debt to ECMC that is in default.

10        10.   On October 18, 2007, ECMC served Borrower with the required thirty (30) day

11   Notice Prior to Wage Withholding.  A true and correct copy of the Notice is attached as

12   Exhibit A.

13        11.  Because no hearing was requested under 20 U.S.C. § 1095a(a)(5)(b), ECMC issued

14   a Withholding Order on November 29, 2007.  A true and correct copy of the Withholding

15   Order is attached as Exhibit B.

16        12.   No representative or officer of the Defendant contacted ECMC regarding the

17   Withholding Order, and Defendant did not remit any of the Borrower's wages in accordance

18   with the Withholding Order.  Therefore, ECMC sent Defendant a Second Notice on January 9,

19   2008 requesting compliance with the Withholding Order.  A true and correct copy of the

20   Second Notice is attached as Exhibit C.

21        13.   On February 28, 2008, ECMC sent Defendant a demand letter further requesting

22   compliance with the Withholding Order.  A true and correct copy of the letter is attached as

23   Exhibit D.

24        14.   Defendant has, at all relevant times, refused to comply with the Withholding

25   Order.

26                    **VIOLATION OF 20 U.S.C. § 1095a**

27        15.   Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a, which

28   provides that guaranty agencies, such as ECMC, may administratively garnish up to fifteen

1   percent (15%) of the disposable earnings of defaulted student loan borrowers by issuing a

2   Withholding Order to the borrower's employer.

3       16.    Because Defendant has failed to comply with the Withholding Order,

4   Defendant, pursuant to 20 U.S.C. § 1095(a)(6), is liable for any and all amounts it failed to

5   withhold following receipt of the Withholding Order.

6       17.    The amount due to ECMC is fifteen percent (15%) of Borrower's disposable

7   earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's

8   receipt of the Withholding Order to the date Borrower ceases to be employed by defendant or

9   the date this court enters judgment.

10      18.    Pursuant to 20 U.S.C. § 1095a(a)(6), EMC is entitled to its attorneys' fees and

11  costs associated with pursuing this action and, in the Court's discretion, punitive damages.

12                              **INJUNCTION**

13      19.    Based on Defendant's continuing refusal to comply with the terms of the

14  Withholding Order, ECMC seeks a mandatory injunction requiring Defendant to withhold and

15  remit fifteen percent (15%) of Borrower's disposable earnings, or the amount required under 15

16  U.S.C. § 1673, if less, until Borrower's student loan debt is paid in full or Borrower terminates

17  his employment with Defendant, whichever occurs earlier.

18      20.    ECMC does not have an adequate remedy at law to prevent the multiplicity of

19  lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by Defendant and,

20  thus, is entitled to injunctive relief in addition to damages for Defendant's past violations.

21      WHEREFORE, ECMC respectfully requests this Court grant ECMC:

22  1.    An injunction requiring the appropriate amount of money to be withheld from
        Borrower's wages and remitted to ECMC until Borrower's defaulted student
23      loan debt is either paid in full or he no longer works for Defendant;

24  2.    Damages in the amount Defendant should have withheld from Borrower's
        wages;
25
26  3.    Attorneys' fees and costs;

27  4.    Punitive damages;

28  5.    Pre and post-judgment interest on this amount, as allowed by law; and,

1      6.     Such other relief as the Court deems appropriate.

2

3   DATED:  April 28, 2008          LAW OFFICES OF MIRIAM HISER

4

5                                 By:_____/s/_____

6                                    MIRIAM HISER

7                                Attorneys for Plaintiff
                                  EDUCATIONAL CREDIT MANAGEMENT

8                                  CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

October 18, 2007



ECMC

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

PAUL  BROWNE
C/O GOSPEL INDUSTRIES INC
2807 55TH ST
ATTN  PAYROLL
OAKLAND, CA 94605
<CONFIDENTIAL>

**RE:** Defaulted Student Loan(s)  $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$
**SSN:** XXX-XX-5549
**EMPLOYER:** GOSPEL INDUSTRIES INC
**TOTAL AMOUNT CURRENTLY OWING:** $ 147,587 34
(This amount includes principal, interest and projected collection costs )

## NOTICE PRIOR TO WAGE WITHHOLDING

You are given notice that Educational Credit Management Corporation (ECMC), pursuant to
Federal Law (Public Law 102-164, as amended by Public Law 109-171, 20 U S C § 1095a
et seq ), will order your employer to immediately withhold money from your pay (a process
known as "wage garnishment") for payment of your defaulted student loan(s) unless you
take the action set forth in this Notice

You must establish a written repayment agreement with ECMC within thirty (30) days of the
date of this Notice   Otherwise, ECMC will proceed to collect this debt through deductions
from your pay

Unless you act within thirty (30) days of the date of this Notice, your employer will be
ordered to deduct from your wages an amount equal to no more than fifteen percent (15%)
of your disposable pay for each pay period, or the amount permitted by 15 U S C  1673
(unless you give ECMC written consent to deduct a greater amount) to repay your student
loan(s) held by ECMC

Disposable pay includes pay remaining after all deductions required by law have been
withheld (such as social security, federal and state income taxes)   Your employer will be
ordered to deduct this amount no later than the first pay period which occurs after the date
on which the Order of Withholding was issued, and will be ordered to deduct this amount
each time you are paid until your debt is paid in full   **This is an attempt to collect a debt.
Any information obtained will be used for that purpose.**

# EXHIBIT   A

Page 2

## You have the right to request a hearing:

**How to request a hearing:**

Complete the enclosed form and return it to ECMC within fifteen (15) days of the date of this Notice. Mail your Request for Hearing or Exemption to ECMC at the address provided on the enclosed form. Please state on your envelope "Wage Withholding Appeal Enclosed". The hearing will be a review of your written statement on the enclosed Request for Hearing or Exemption and all relevant documents unless you specifically request an in-person or telephone hearing. We will let you know if your hearing request has been granted or denied. If the request is granted, we will advise you when, where and how your hearing will be held.

If you miss this deadline, you may still be entitled to a hearing, but the hearing will not take place prior to the issuance of an Order of Withholding to your employer. You may not make your request a hearing by telephone.

**Your hearing may take place in one of three ways:**

- In writing: By delivering your written statement and supporting documentation to ECMC. ECMC will then submit these documents along with our own documents to an independent hearing officer who will decide whether or not your debt is subject to wage withholding;
- By telephone: A conference call will be set up between you, ECMC, and the hearing officer;
- In person: If you request a hearing in person, it will be held in Chicago, IL and you must pay your own expenses to appear at this hearing.

**The following are considered valid reasons for requesting a hearing:**

- You dispute the existence of this debt. If, for example, you believe this debt has been paid, please enclose any proof you have that the debt has been paid in full along with your Request for Hearing or Exemption. If you are not the person owing this debt, please refer to the section below, which addresses that situation.

- You dispute the amount of this debt.

- Making installment payments in the amount equal 15% of your disposable pay, or having payments in that amount withheld from your disposable pay would constitute an extreme financial hardship.

**The following are <u>not</u> considered valid reasons for requesting a hearing:**

- The school you attended was unsatisfactory.

- You were unable to obtain employment in the field for which the school prepared you.

Page 3

## You Have the Following Rights:

You have an opportunity to inspect and/or request copies of ECMC's records relating to your debt. Basic information about your debt will be provided free of charge along with our response to your hearing request. All requests for documentation must be in writing. Telephone requests will not be honored. **Please note that a request for documents, by itself, will not prevent garnishment of your wages.**

You have the opportunity to avoid wage garnishment by immediately remitting the balance in full or by entering into a written repayment agreement with ECMC to establish a satisfactory schedule for the repayment of this debt. To obtain information on entering into a repayment agreement, call ECMC at **1-800-780-7997**, or **(651) 221-0037**, e-mail: collections@ecmc.org or WebSite: www.ecmc.org.

. An employer may not discharge you, refuse to employ you, or take disciplinary action against you because your wages are withheld for payment of a defaulted student loan. If an employer takes any of these actions, you may sue that employer in a state or federal court for reinstatement, back pay, attorney's fees, and punitive damages.

. If you document that you have been involuntarily separated from employment, ECMC will not withhold wages until you have been re-employed continuously for twelve (12) months. If you wish to claim this exemption from wage withholding, you need to fill in the Request for Hearing and Exemption and send us written proof of the following: Documents from the state employment commission (or similar agency) indicating your entitlement to unemployment compensation and a statement from your present employer indicating the date you began work at your present job.

. No more than fifteen percent (15%) of your "disposable pay" or the amount permitted by 15 U.S.C. 1673 may be deducted from your wages to repay your student loan(s). "Disposable pay" is those wages remaining after all deductions required by law have been withheld (such as Social Security, federal and state income taxes).

. Any defect in this Notice will not be considered waived unless each alleged defect or ambiguity you believe the Notice contains is set forth in writing.

**If you are not the person who owes this debt:**

Please notify us immediately upon your receipt of this Notice so that your wages will not be withheld. You may call us at 1-800-780-7997 or (651) 221-0037 to notify us, but you should also send a copy of your Social Security card, or other identifying documentation for verification purposes. Correspondence for this purpose should be mailed to:

**Educational Credit Management Corporation (ECMC)**
Attention: Wage Withholding Administrator
**101 East 5th Street, Suite 2400**
St. Paul, MN 55101

**EDUCATIONAL CREDIT MANAGEMENT CORPORATION**

November 29, 2007



**ECMC**
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

ECMC is an ECMC Group company.

GOSPEL INDUSTRIES INC
2807 55TH ST
ATTN PAYROLL
OAKLAND, CA 94605-

RE   Student Loan Debt

### ORDER OF WITHHOLDING FROM EARNINGS

Pursuant to authority granted Educational Credit Management Corporation (ECMC)
by Federal Law (Public Law 102-164, as amended by Public Law 109-171, 20 U S C '1095a et seq ),
**you**, the employer of the debtor named below, **are hereby ordered and directed** to withhold income
from the debtor's disposable pay from this employment for payment of defaulted student loan(s) as
follows

**DEBTOR**                                              **SSN.**   452765549

          PAUL  BROWNE
          1102 CANARY DR
          SUISUN CITY, CA 94585-2204

**Total Amount Currently Due**   $148,124 36

The employer **shall deduct and pay to** ECMC an amount that does not exceed fifteen percent (15%) of
the debtor's disposable pay for each pay period or the amount permitted by 15 U S C '1673, unless the
debtor provides ECMC with written consent to deduct a greater amount  This amount shall be deducted
until the amount set for above as the "Total Amount Currently Due", **plus all further accrued interest, is
fully paid

As the employer, you must comply with this law, which supersedes all state laws governing wage
garnishment  Garnishment must begin on the first pay period following the receipt of this notice  **You
must respond to this notice by completing and returning the enclosed form to our office within ten
(10) business days**  If the employee is no longer employed by you, please indicate that on the form

Employer is directed to pay all amounts withheld on each regular pay day, no less frequently than once
each month, to

          **ECMC**
          **Lockbox #7096**
          **P.O. BOX 75848**
          **ST. PAUL, MN  55175-0848**

          ECMC Federal Tax I D  #  41-1778617

All payments **MUST Identify** the debtor and the debtor's social security number

Section 488A of the Act provides that an employer who fails to comply with a garnishment order issued
under this law will be liable for any amounts that are not so withheld following its receipt, in addition to
costs of suit as a result of legal action authorized under the law

**THIS ORDER OF WITHHOLDING IS ISSUED ON**  November 29, 2007

EDUCATIONAL CREDIT MANAGEMENT CORPORATION                                AWG



# EXHIBIT  B

Page 2

If you fail to comply with this Order, ECMC may sue you in a state or federal court to recover any amount that you failed to withhold, as well as attorney fees, litigation costs, and at the court's discretion, punitive damages.

In the event employment is terminated, you, as the employer, are required to complete and forward a **Notice of Change of Employment** to our office.

If you have any questions regarding this matter, please call 1-800-780-7997 or (651) 221-0037. Please make all payments payable to ECMC and include the Social Security number of the employee on the payment.

Send all amounts withheld on each regular payday, no less frequently than once a month, to:

> **ECMC**
> **Lockbox #7096**
> **P.O. BOX 75848**
> **ST. PAUL, MN  55175-0848**

**Federal Tax I.D. #: 41-1778617**


**EDUCATIONAL CREDIT MANAGEMENT CORPORATION**



Enclosures:    Employer Acknowledgment of Wage Withholding
                   Department of Education Letter listing Guarantors authorized to issue
                   Wage Garnishment Withholding Orders
                   Handbook for Employers
                   Self-addressed and stamped envelope



# UNITED STATES DEPARTMENT OF EDUCATION
## 830 First Street, NE
## Union Center Plaza
## Washington, D.C. 20202

The following organizations have agreements with the U.S. Department of Education to participate in the Federal Family Education Loan (FFEL) Program as guaranty agencies under Section 428(b) of the Higher Education Act of 1965, as amended (HEA). The guaranty agencies on this list are authorized by section 488A of the HEA, to issue administrative wage garnishment withholding orders at a rate of 15% to employers, to recover FFEL debts owed by individuals who have defaulted on their student loan repayment obligations. This authority does not apply to Federal agencies or their employees.

AMERICAN STUDENT ASSISTANCE (MASSACHUSETTS)
STUDENT LOAN GUARANTEE FOUNDATION OF ARKANSAS
CALIFORNIA STUDENT AID COMMISSION
COLORADO STUDENT LOAN PROGRAM
CONNECTICUT STUDENT LOAN FOUNDATION
EDUCATION ASSISTANCE CORPORATION (SOUTH DAKOTA)
EDUCATIONAL CREDIT MANAGEMENT CORPORATION
FLORIDA DEPARTMENT OF EDUCATION/OFFICE OF STUDENT FINANCIAL
ASSISTANCE
GEORGIA HIGHER EDUCATION ASSISTANCE FOUNDATION
GREAT LAKES HIGHER EDUCATION CORPORATION (WI)
ILLINOIS STUDENT ASSISTANCE COMMISSION
IOWA COLLEGE STUDENT AID COMMISSION
KENTUCKY HIGHER EDUCATION ASSISTANCE AUTHORITY
LOUISIANA OFFICE OF STUDENT FINANCIAL ASSISTANCE
FINANCE AUTHORITY OF MAINE
MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
MISSOURI DEPARTMENT OF HIGHER EDUCATION
MONTANA GUARANTEED STUDENT LOAN PROGRAM
NATIONAL STUDENT LOAN PROGRAM (NEBRASKA)
NEW HAMPSHIRE HIGHER EDUCATION ASSISTANCE FOUNDATION
NEW JERSEY HIGHER EDUCATION ASSISTANCE AUTHORITY
NEW MEXICO STUDENT LOAN GUARANTEE CORPORATION
NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
NORTH CAROLINA STATE EDUCATION ASSISTANCE AUTHORITY
STUDENT LOANS OF NORTH DAKOTA
OKLAHOMA GUARANTEED STUDENT LOAN PROGRAM
OREGON STUDENT ASSISTANCE COMMISSION
AMERICAN EDUCATION SERVICES/PHEEA
RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY
SOUTH CAROLINA STUDENT LOAN CORPORATION
TENNESSEE STUDENT ASSISTANCE CORPORATION
TEXAS GUARANTEED STUDENT LOAN CORPORATION
USA FUNDS
UTAH HIGHER EDUCATION ASSISTANCE AUTHORITY
VERMONT STUDENT ASSISTANCE CORPORATION
NORTHWEST EDUCATION LOAN ASSOCIATION (NELA)



# ECMC
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

# HANDBOOK
# FOR
# EMPLOYERS

# WAGE WITHHOLDING
# FOR DEFAULTED STUDENT LOANS

## PROGRAM OVERVIEW

The Guaranteed Student Loan was created by the Higher Education Act of 1965 in an effort to provide incentives for the use of private capital to fund low-interest, long-term loans for post-secondary education. Students go to private lenders for an education loan, and the lenders' risk is nearly eliminated by a guarantee from the Federal Government. Guarantee agencies such as Educational Credit Management Corporation (ECMC) handle the administration of the loan program at the state level on behalf of the Federal Government, including: the loan guarantee; claim payment; compliance with student loan regulations; and collection of defaulted loans. When a student fails to repay the loan and enters default (270 days past due), the holder of the loan files a claim with ECMC to recoup the default amount. ECMC examines the claim to ensure that the loan was properly serviced by the lender, and pays the lender. Once a claim is paid, ECMC files for re-insurance on the loan with the Department of Education. At the same time, ECMC begins collection efforts including everything from telephone calls and letters, to withholding IRS refunds from defaulted borrowers.

Most students repay their debts. Many of those who default are employed and able to make payments. When borrowers default, it is ultimately the taxpayers who pay the expense for their education loans.

## DEFAULT PREVENTION AND COLLECTION

A number of regulations and incentives have been established to prevent the default rate from rising. Congress has recently passed a law that will help guarantee agencies and the U.S. Department of Education collect on defaulted loans through the administrative withholding of a defaulted borrower's wages.

## LEGISLATIVE AUTHORITY

P.L. 102-164; 20 U.S.C. 1095a et seq. (Emergency Unemployment Compensation Act) allows ECMC to administratively garnish up to fifteen percent (15%) of the employee's disposable pay, until the defaulted loan has been repaid in full. **This law supersedes any state's laws governing wage garnishment.**

We believe wage withholding will encourage many employed defaulted borrowers to repay their loans. For those borrowers who refuse to honor their obligations, wage withholding is an effective debt collection tool.

## THE BASIC STEPS FOR EMPLOYERS TO FOLLOW FOR WITHHOLDING

1.      Read the withholding order. It contains the instructions on how to withhold and remit the required amounts.

2.      Calculate and deduct the amount to be withheld from the employee's pay, beginning with the first pay period occurring after the employer receives the withholding order.

3.      Send the amount deducted to ECMC according to the instructions.

4.      Repeat steps 2 and 3 each payday.

### EMPLOYER NOTIFICATION

### ACTION

ECMC will send the employer an **Order of Withholding from Earnings** form, which provides the employee's name, address, and social security number as well as instructions for withholding. An additional copy of the Order is provided for you to give to the debtor.

### EMPLOYER ACTION

Employers should respond by completing and returning the **Employer Acknowledgment of Wage Withholding** form within ten (10) business days. If the employee is no longer employed by your organization when you receive the order, simply indicate this on the form.

### EMPLOYEE NOTIFICATION

The employee will already have received notice that withholding will occur. Before you receive an Order, the employee will have:

- Been sent notices of delinquency and finally a **Notice Prior to Wage Withholding**.

- Had an opportunity to contest the withholding.

- Will have been informed of his or her rights and responsibilities in the process.

- Had an opportunity to avoid wage withholding by entering into a voluntary repayment agreement with ECMC.

## AMOUNT OF WITHHOLDING

The instructions below explain how to calculate the amount of earnings to be withheld. At the end of this document, an Administrative Wage Garnishment (AWG) Withholding Worksheet with instructions has been provided as well.

1.  Read the **Order of Withholding from Earnings** form.

2.  Identify the employee named in the order.

3.  Identify the employee's gross earnings for the pay period. Earnings are defined as compensation paid, or for payable personal services, whether denominated as wages, salary, commission, bonus or otherwise.

4.  Identify amounts, which can be excluded from withholding. These are limited to amounts: required by law to be withheld, such as state (if applicable) and Federal income tax, Federal FICA or OASI tax (Social Security). The employer should not include deductions for savings bonds, employee contributions to retirement plans, health insurance etc.

5.  Calculate disposable earnings by subtracting excluded amounts (Step 4) from the employee's gross earnings (Step 3).

6.  Compute the required withholding by multiplying the employee's disposable earnings (Step 5) by .15. The resulting figure is the amount to withhold from the debtor's wages each payday. The employer may round off the figure to a flat dollar amount, so long as the resulting figure does not exceed 15% of the employee's disposable pay.

## HOW TO REMIT THE EARNINGS WITHHELD

1. Cut a check for the amount calculated. Make checks payable to ECMC.

2. Be sure each check includes the information listed below:

   - Employee Name
   - Employee Social Security Number
   - Employer Name
   - Notation indicating that this is a wage withholding payment or payments
   - Employer's Federal Employer Identification Number

3. Send checks to:      **ECMC**
                        **LOCK BOX 7096**
                        **P.O. BOX 75848**
                        **ST. PAUL, MN  55175-0848**

**ECMC's Federal Tax I.D. #:  41-1778617**

## FREQUENCY OF PAYMENTS

Although deductions should be made for each pay period (whether weekly, bi-weekly, monthly, etc.), remittance to ECMC need not be made more than once each month.  The employer is not required to change their normal pay and disbursement cycles to comply with the withholding order.

## TWO OR MORE DEBTORS

If the employer is making payments to ECMC for two or more employees, the employer may combine payments as long as the check stub or transmittal sheet details the employee name, Social Security number and amount remitted for each debtor.

## WHEN TO STOP WITHHOLDING

### RELEASE OF AN ORDER

To inform an employer to stop withholding, ECMC will send a **Release from the Order of Withholding** form to the employer. A sample release form is included. The employer should continue to withhold earnings from the employee's paycheck until receiving a release. The employer should then complete and return the **Acknowledgment of Release of Withholding** form, which will be provided with the release.

### WHEN THE EMPLOYEE ENDS EMPLOYMENT

When a debtor for whom the employer has been withholding earnings terminates employment with their organization, notify ECMC in writing within ten (10) business days. In addition, the employer must supply the employee's last known address and the name and address of his/her new employer, if known. This requirement will help ensure the debtor can be located and that the new employer will be notified promptly of the withholding requirement.

### EMPLOYER COMPLIANCE

### NONCOMPLIANCE

Under Federal Law [(20 USC 1095a(a)(6)] you are liable for any amount that you should, but do not, withhold following receipt of the Order. If the employer fails to withhold wages following the receipt of the withholding order, ECMC may sue the employer to recover any amount that the employer fails to withhold, attorney's fees, costs, and may be awarded punitive damages at the court's discretion.

### RETALIATION

Under Federal Law, an employer may not discharge from employment, or refuse to employ or take disciplinary action against an individual, because that individual is subject to wage withholding. The employee may sue an employer who takes such action and, should the employee prevail, the court will award attorney's fees and, in its discretion, reinstate the individual, award punitive damages and back pay for the employee, or order such other remedy as may be reasonable and/or necessary.

Termination of the debtor's employment after you receive the Order does not terminate your liability for amounts you were required to withhold.

INQUIRIES

## CORRESPONDENCE ADDRESS

If the employer has any questions regarding wage withholding for student loans, please contact:

Educational Credit Management Corporation (ECMC)
Attention: Wage Withholding Administrator
101 East Fifth Street, Suite 200
St. Paul, MN 55101
1-800-780-7997
WebSite: www.ecmc.org

## MULTIPLE WITHHOLDINGS*

## LIMITATIONS

If the debtor is subject to multiple garnishments during a pay period, Federal Law (15 USC Section 1673) may limit your ability to withhold the full amount called for, under the Order, for that pay period. If so, you must inform us, in writing, immediately.

## PRIORITIES

Generally, garnishments must be satisfied in the order in which they are issued to the employer, up to the maximum amount allowed under that kind of garnishment order.

- Be sure to check the effective duration of any state law garnishments. Many of them remain in effect only for a limited time; when they lapse, the next garnishment in line would take over.

- Federal student loan garnishments (such as this Order) do not have duration limitations; they end when: (a) the debt is paid- in- full (**NOTE:** the total amount the debtor owes is more than the amount indicated in the Order. This is because, among other things, interest continues to accrue.); (b) your obligation to pay the debtor otherwise has ended; (c) a bankruptcy 'stay' suspends the garnishment; or (c) the debt is discharged or otherwise resolved.

- Garnishments for child support or IRS levy, may affect withholding for student loan debts, regardless of when they begin. If you receive a garnishment order for child support, or an IRS levy, after you have received our AWG Order, you must inform us, in writing, immediately.

  * This information reflects ECMC's understanding concerning the general aspects of multiple withholding under AWG but is not intended as legal advice.

## AWG WITHHOLDING WORKSHEET
### (See AWG WORKSHEET INSTRUCTION on next page)

For the pay period ending _____

(date)

| | | |
|---|---|---|
| 1. | Enter employee's disposable pay | 1. _____ |
| 2. | Multiply the amount in Line 1 by 15% (.15) | 2. _____ |
| 3. | Multiply the amount in Line 1 by 25% (.25) | 3. _____ |
| 4. | Enter the applicable Federal minimum hourly wage | 4. _____ |
| 5. | Multiple the amount in line 4 by 30 for each work week in the pay period | 5. _____ |
| 6. | Subtract Line 5 from Line 1. | 6. _____ |
| 7. | Enter the sum of all other garnishments being withheld from disposable pay Line 1. | 7. _____ |
| 8. | Subtract Line 7 from Line 3. | 8. _____ |
| 9. | Subtract Line 7 from Line 6. | 9. _____ |
| 10. | Enter the lesser of Lines 2, 8 or 9. | 10. _____ |

11.    Remit the amount entered on Line 10. Make checks payable to
       Educational Credit Management Corporation (ECMC).

\*      If this amount is zero or less, no remittance is required for this pay period.

## AWG WORKSHEET INSTRUCTIONS

Use the AWG WORKSHEET to calculate the amount of withholding for each pay period. At the top of each sheet, identify the **type of pay period** (e.g., weekly, bi-weekly, monthly, etc.) and at the **end date of that period** in the spaces indicated.

**LINE 1:** Disposable pay is determined by: (a) calculating the total compensation paid or payable for the employee's services (e.g., wages, salary, commissions, bonus, severance pay, etc.); (b) subtracting from that amount the sum of all amounts required by law to be withheld from that compensation, such as state (if any) and Federal income tax and Federal FICA or OASI tax (social security). You should not subtract amounts withheld for savings bonds, employee contributions to retirement plans or health insurance and the like. Also, **be sure that you do not subtract garnishments;** these are considered instead in LINE 7. (INSERT ANY UNIQUE STATE DIFFERENCES).

**LINE 2:** Under 20 USC 1095a (a)(1), the amount deducted for any pay period may not exceed 15% of disposable pay, unless the individual consents, in writing, to a greater percentage.

**LINE 3:** The Consumer Credit Protection Act (15 U.S.C.' 1671et seq) provides that: The maximum part of the aggregate disposable earnings of an individual for any work-week which is subject to garnishment may not exceed 25%.

**LINE 4:** Be sure to enter the correct Federal minimum hourly wage. As of June 1999, the Federal minimum wage is $5.15 per hour.

**LINE 5:** The Consumer Credit Protection Act excludes from garnishment a floor level of disposable pay per workweek in an amount equal to 30 times the Federal minimum hourly wage. Assuming a minimum wage of $5.15 per hour LINE 5 is, for example $154.50, if the employee is paid weekly; $309.00 if the employee is paid every other week; $334.75 if the employee is paid twice per month; and $669.50 if the employee is paid monthly.

**LINE 7:** If the employee is subject to multiple garnishments during a pay period, Federal law may limit your ability to withhold, for that pay period, the full amount called for under the Order. For further information, please refer to the section in your Handbook on Multiple Withholding.

**LINE 10:** Of the amounts calculated in Lines 2, 8 and 9, insert here whichever amount is lowest.

**LINE 11:** You may round off the figure to a flat dollar amount, so long as the resulting figure does not exceed Line 9.

## EMPLOYER ACKNOWLEDGMENT OF WAGE WITHHOLDING

RE: _____

SSN: _____

I, _____ on behalf of _____
                                                                (Employer)
acknowledge receipt of the **Order of Withholding From Earnings** for

_____ , _____
            (Employee)                                      (SSN)

[ ]   The above-named person is an employee of this company and payments of
      approximately $_____ (15% of disposable pay) will be forwarded to ECMC on a
      [ ] weekly, [ ] bi-weekly, [ ] semi-monthly basis, or [ ] monthly basis.

      *Remittance to ECMC need not be made more than once each month.* **The approximate
      date remittances will be sent each month is** _____.

[ ]   The address this company has for this employee is different from the one listed on the
      **Order of Withholding from Earnings**; the address our records reflect is:



      Employee's last known address: _____
      _____




      Employers telephone number and fax number:        Telephone: _____

                                                        Fax:        _____


_____                    _____
            (Signature)                                         (Date)

**Return this form within ten (10) business days to:**

                **Educational Credit Management Corporation (ECMC)**
                **Attention: Wage Garnishment Administrator**
                **101 East Fifth Street, Suite 200**
                **St Paul MN 55101**
                **Fax #: (651) 325-3195**

## EMPLOYER NOTICE OF CHANGE OF EMPLOYMENT

RE: _____
            (Debtor Name)

SSN: _____

I,_____on behalf of _____
                                                         (Company Name)

Notify ECMC that _____is no longer employed
with our company.                    (Debtor Name)

DATE OF TERMINATION:
__  VOLUNTARY
__  INVOLUNTARY        REASON: _____

EMPLOYEE'S LAST KNOWN ADDRESS: _____

_____


EMPLOYEE'S NEW EMPLOYER AND PHONE NUMBER: _____

_____

_____


_____
(Signature)

_____
(Date)

_____
(Telephone)

Return this form within ten (10) business days to:

Educational Credit Management Corporation (ECMC)
Attention: Wage Withholding Administrator
101 East Fifth Street, Suite 200
St. Paul, MN 55101
Fax #: (651) 325-3195

January 9, 2008



**ECMC**
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

ECMC is an ECMC Group company.

GOSPEL INDUSTRIES INC
2807 55TH ST.
ATTN PAYROLL
OAKLAND, CA 94605-

RE: Student Loan(s) of PAUL BROWNE
**SSN\LOAN #:** 452765549
**BALANCE:** $148,648 60
**ECMC FEDERAL TAX I.D. #:** 41-1778617

## SECOND NOTICE OF ORDER OF
## WITHHOLDING FROM EARNINGS

Dear Director of Payroll

Educational Credit Management Corporation (ECMC) previously issued an **Order of Withholding** requiring the employer to withhold a percentage of the above-mentioned debtor's wage for payment of a defaulted student loan(s)  Our records indicate this company employs this debtor

ECMC's records reflect that as of the date of this Second Notice, we have not received the wage withholding payments the **Order of Withholding** requires the employer to make

This **Second Notice of Order of Withholding from Earnings** is issued on January 9, 2008  If you have any questions regarding the **Second Notice of the Wage Withholding** process, call ECMC at 1-800-780-7997 or (651) 221-0037

Under Federal law, ECMC may **sue any employer who fails to withhold wages after receipt of an Order of Withholding**  If ECMC is forced to file suit, it is entitled to seek not just the amount an employer fails to withhold, but also attorney fees, costs, and punitive damages

**Unless your withholding payment is received by ECMC within thirty (30) days after the issuance of this Second Notice, ECMC must review the matter for legal action**

# EXHIBIT  C



**ECMC**

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

ECMC is an ECMC Group company.

February 28, 2008

<u>VIA CERTIFIED MAIL</u>
7002 3150 0001 9124 5800

Gospel Industries, Inc.
2807 55th Street
Oakland, CA 94605

RE: Order of Withholding from Earnings for Paul Browne

Dear Sir or Madam:

PLEASE BE ADVISED that the Educational Credit Management Corporation ("ECMC") is prepared to file a lawsuit against Gospel Industries, Inc. for failure to comply with the above-referenced Order of Withholding From Earnings ("Order"), which was sent by mail on November 29, 2007. A copy of the Order previously sent is enclosed.

Pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b) (9), you are required to remit fifteen percent (15%) of Paul Browne's disposable income, or a lesser amount, if required by 15 U.S.C. § 1673. To date, notwithstanding repeated notices, you have refused to comply with the law. Accordingly, ECMC has retained local counsel and is prepared to file a lawsuit against you to recover all amounts you have failed to withhold, plus attorney fees, costs and if warranted punitive damages as authorized by 20 U.S.C. § 1095a(a)(6).

You must contact me by March 14, 2008 to make acceptable arrangements regarding the above-referenced Order. Failure to do so will result in appropriate legal action being taken against you. I look forward to hearing from you regarding the informal resolution of this matter.

Sincerely,

TROY GUNDERMAN
Associate Attorney
ECMC Legal Department
(651) 325-3252

**EXHIBIT  D**

7325 Beaufont Springs Drive, Suite 200, Richmond, VA 23225 / 804.267.7100 / 804. 267.7159 Fax / 804.267.7104 TDD/TTY
1500 Valley River Drive, Suite 190, Eugene, OR 97401 / 541.984.2450 / 541.984.2408 Fax / 541.984.2469 TDD/TTY
101 East Fifth Street, Suite 200, St. Paul, MN 55101 / 651.221.0566 / 651.325.3495 Fax / 651.325.3035 TDD/TTY / www.ecmc.org

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**ENDER:** *COMPLETE THIS SECTION*

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Gospel Industries
2807 554 Street
Oakland, CA
946 (3880)

OAKLAND CA EASTMONT STATION
MAR 2008 USPS

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Samuel Flagg*              ☑ Agent
                              ☐ Addressee

B. Received by ( Printed Name)       C. Date of Delivery
*SAMUEL FLAGG*                      3/11

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*           ☐ Yes

Article Number
*(Transfer from s*        7002 3150 0001 9124 5600

Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1540